IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREN DUNN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 22-CV-3015 |
| BUNCOMBE PUBLIC WATER DISTRICT, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Pending before the Court is a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Buncome Public Water District ("BPWD") (Docs. 8 & 9). Plaintiff Karen Dunn opposes the motion (Doc. 13). For the reasons set forth below, the motion is **DENIED**.

**I.    Background**

The following facts are alleged in Plaintiff's Complaint (Doc. 1). BPWD is a public entity governed by the Public Water District Act, 70 ILCS 3705. Plaintiff began working for BPWD in 1995 when she was hired to be the Office Manager. After Plaintiff was hired, BPWD added numerous additional duties to her job description, including serving as both Secretary and Treasurer of the Board of Trustees. After approximately ten years, BPWD decided that a single employee could not serve as both Secretary and Treasurer of the Board of Trustees. Accordingly, BPWD hired a new male employee to serve as Treasurer. This employee received a $50.00 per month stipend. Plaintiff never received such a stipend. The newly hired Treasurer, however, failed to perform his duties. As a result, Plaintiff continued to perform the duties of Treasurer without compensation. Additionally, BPWD's part-time Water Supply Operator, often failed to perform his duties. Accordingly, Plaintiff frequently performed his duties, including shutting off meters and reading meters. Plaintiff was not compensated for these additional duties.

Plaintiff often worked substantially more than forty hours during the work weeks, but she was not compensated for any overtime work. When the part-time Water Supply Operator retired, BPWD expected Plaintiff to take on his responsibilities, without compensation, in addition to her Office Manager position and her uncompensated Treasurer work. BPWD pressured Plaintiff to act as the Water Supply Operator, in addition to her other duties, even while she was on workers' compensation leave for a shoulder injury she suffered while performing the duties of Water Supply Operator. Given these circumstances, Plaintiff resigned.

Following her resignation, BPWD hired a new 25-year old Office Manager and hired two new employees to complete the field work Plaintiff had been required to perform in addition to her Office Manager duties. The newly hired employees were provided with a company truck to use while performing field work, even though BPWD required Plaintiff to use her personal vehicle at her own expense to do such work.

BPWD's management directed and/or was aware that Plaintiff was engaging in off-the-clock work. Nonetheless, BPWD's management did not allow Plaintiff to record or report overtime work for compensation until October 2021.

In her Complaint, Plaintiff brings two claims against BPWD: (1) failure to properly pay wages earned under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 (Count I), and (2) age-based discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

On February 7, 2023, BPWD filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1(c) (Docs. 8 and 9). BPWD contends that Plaintiff's claims must be dismissed with prejudice because she is not a covered "employee" under either the FLSA or the ADEA. Plaintiff opposes the motion (Doc. 13). BPWD also contends that Plaintiff's FLSA claim should be dismissed without prejudice for failure to allege that BPWD was engaged in interstate commerce and for failure to file a written notice of consent.

**II.    Legal Standard**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). Although a complaint need not contain detailed facts, surviving a Rule 12(b)(6) motion "requires more than labels and conclusions .... Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true ...." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

**III.    Discussion**

**A. Covered Employee – FLSA and ADEA**

BPWD contends that Plaintiff's claims must be dismissed with prejudice because she is not a covered employee under either the FLSA or the ADEA. BPWD argues Plaintiff is excluded from the definition of employee under both statutes because she was a member of an elected official's personal staff, she was appointed by an elected official on a policymaking level, and/or she was an immediate advisor to an elected official regarding that official's constitutional or legal powers.

As is relevant to the instant case, in defining the term "employee" the FLSA excludes certain individuals employed by a state, a political subdivision of a state, or an interstate governmental agency from its protections, including any individual:

(ii) who –

(I) holds a public elective office of that State, political subdivision, or agency,
**(II) is selected by the holder of such an office to be a member of his personal staff,**
(III) is appointed by such an officeholder to serve on a policymaking level,
(IV) is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of his office, or
(V) is an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.

29 U.S.C. § 203(e)(2)(c) (emphasis added).

The relevant section of the ADEA tracks the FLSA's definition of "employee", providing that "employee" shall not include:[1]

any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or **any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office**.

29 U.S.C. § 630(f) (emphasis added).

According to BPWD, pursuant to applicable statutes and ordinances, of which the Court may take judicial notice, the Secretary and Treasurer positions are elected positions not subject to civil service laws. Specifically, BPWD contends the Illinois Public Water District Act (PWDA) and BPWD's own ordinances establish the following: (1) the Board of Trustees is the corporate authority of BPWD; (2) the Board of Trustees elects individuals to serve as Secretary and Treasurer for BPWD; (3) the Secretary and Treasurer are chosen by the Board of Trustees to serve as personal staff; (4) the Secretary and Treasurer positions are on the policymaking level; and (5) the Secretary and the Treasurer act as immediate advisors with respect to the exercise of the constitutional or legal powers of the Board of Trustees. Therefore, BPWD argues, Plaintiff's allegation that she was employed as the Secretary and Treasurer for BPWD defeats her FLSA and ADEA claims.

"The determination of status as a policymaker in many cases presents a difficult factual question." *Nekolny v. Painter,* 653 F.2d 1164, 1169 (7th Cir.1981); *see also Soderbeck v. Burnett County,* 752 F.2d 285, 288–89 (7th Cir.1985). This case is no exception. BPWD contends that Plaintiff is not a covered employee based on the statutorily defined duties for the Secretary and Treasurer positions. But Plaintiff does not allege that she was elected to the positions of Secretary and Treasurer. She alleges that she was hired "to be the Office Manager," but was expected to take on numerous additional duties over the years without compensation, including duties normally assigned to the Secretary and Treasurer. (Doc. 1, ¶¶ 8-10, 12). The position of "Office Manager" does not necessarily imply that Plaintiff is not an "employee" under the FLSA or ADEA.

BPWD provides additional facts for the Court to consider. For example, BPWD claims that (1) all business of BPWD had to go through Plaintiff; (2) Plaintiff was elected by the Board of Trustees and compensated for her work as Secretary and Treasurer; and (3) Plaintiff was responsible for various "governmental" duties. But these additional factual allegations cannot be considered by the Court at this stage of the litigation.

Accordingly, BPWD's Motion to Dismiss Plaintiff's FLSA and ADEA claims with prejudice on the ground that she is not a covered employee under either statute is **DENIED**.

---

[1] The ADEA was interpolated into the Fair Labor Standards Act, and its definition of employee tracks the FLSA's definition of employee. 29 U.S.C. § 203(e). *See also E.E.O.C. v. Sidley Austin Brown & Wood,* 315 F.3d 696, 708 (7th Cir. 2002).

**B. Interstate Commerce – Individual or Enterprise Coverage**

The FLSA imposes minimum and hourly overtime wage requirements for employees who are "engaged in commerce or in the production of goods for commerce" (individual coverage) or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage). 29 U.S.C. §§ 206(a), 207(a)(1). BPWD asserts that Plaintiff's FLSA claim should be dismissed because she has failed to plead facts establishing individual coverage or enterprise coverage.

The Complaint alleges that BPWD "is a local water district authorized under the laws of the State of Illinois," which "operates a public water district." (Doc. 1, ¶¶ 3, 6). These factual allegations – assumed to be true at this stage of the litigation – are sufficient to place BPWD within the FLSA's definition of "public agency," and therefore to place BPWD within the scope of the FLSA's enterprise coverage. *See* 29 U.S.C. §§ 203(x) ("public agency" includes "the government of a State or political subdivision thereof" and "any agency of... a State, or a political subdivision of a State"); 29 U.S.C. § 203(s)(1)(C) ("enterprise engaged in commerce" includes an enterprise that "is an activity of a public agency"). *See also Bankston v. State of Illinois,* No. 93 C 39, 1993 WL 141785, at *2 (N.D. Ill. Apr. 30, 1993) (denying motion to dismiss for failure to establish that defendants were engaged in interstate commerce where defendants were employees of a public agency). Therefore, despite BPWD's arguments to the contrary, Plaintiff has sufficiently alleged enterprise-based coverage.[2]

**C. Written Consent**

Finally, BPWD moves to dismiss Plaintiff's FLSA claim on the ground that Plaintiff has failed to file a written notice of consent as required under Section 216(b). Section 216(b) provides in pertinent part:

An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer ... by any one or more employees for and on behalf of himself or themselves *and other employees similarly situated*. No employee shall be a party plaintiff to *any such action* unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (emphasis added).

BPWD contends that this section requires all plaintiffs who seek to maintain an action under the FLSA to file written consent to be a party plaintiff. BPWD's contention is erroneous. Section 216(b) was amended in 1947 as part of the "Portal-to-Portal Act." Its purpose was to "combat the problem of one employee bringing suit on behalf of himself and 'other employees similarly situated,' often hundreds and sometimes thousands of employees, without naming the other employees." *Allen v. Atlantic Richfield Co.,* 724 F.2d 1131, 1134 (5th Cir.1984). In *Allen*, the Fifth Circuit Court of Appeals explained why this was problematic:

[T]he defendant employer would not know which other members of the class were actually going to participate, and the employer could be surprised by their testimony or other evidence at trial. As well, some courts had held that a favorable judgment for the named plaintiffs was res judicata for the entire class. The clear intent of the provisions set out above was to

---

[2] According to BPWD, to establish enterprise coverage, Plaintiff must allege that BPWD meets the requirements of 29 U.S.C. §203(s)(1)(A), meaning Plaintiff must allege that BPWD " 'has employees engaged in commerce or in the production of goods for commerce, or has 'employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce,' and has an 'annual gross volume of sales made or business done not less than $500,000.00.' " (Doc. 9, p. 14). The Complaint contains no such allegations. As such, BPWD contends, the Complaint fails to adequately plead enterprise coverage, warranting dismissal of Plaintiff's FLSA claim. This argument, however, completely disregards Section 203(s)(1)(C) which pertains to public agencies.

make the members of the class of unnamed plaintiffs who wished to participate in, and be bound by, the action identify themselves for the benefit of the defendant. The class members were allowed to do so by filing a written consent to the suit.

*2 *Id.* at 1134–35 (citation omitted).

Considering this legislative history, the Fifth Circuit concluded that 22 named plaintiffs bringing suit jointly under the FLSA (but not as a collective action) were not required to filed written consents because "it is clear that a plaintiff does not need to file a written consent if an individual action is maintained." The Seventh Circuit has reached the same conclusion. *See Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004)(the written consent requirement is "applicable only to collective actions."); Anderson *v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008, 1018–19 (7th Cir.1988) (written consent requirement "applies only to those parties who are not named as plaintiffs in the complaint"). *See also Morelock v. NCR Corp.*, 586 F.2d 1096, 1103 (6th Cir.1978), *cert. denied*, 441 U.S. 906, 99 S.Ct. 1995, 60 L.Ed.2d 375 (1979) ("The consent requirement of § 216(b), ... is apposite solely to representative actions").

The instant case is not a collective action; Plaintiff only brings claims on behalf of herself. As such, Plaintiff's failure to file a written consent form with the Court is not a basis for dismissing her FLSA claim.

### IV.   Conclusion

For the reasons set forth herein, Defendant Buncome Public Water District's Motion to Dismiss (Doc. 8) is **DENIED**.

SO ORDERED.

Dated: August 28, 2023

_____
DAVID W. DUGAN
United States District Judge